**ZHI HUA LI, a/k/a Zhi Hua, a/k/a Li Zhi Hua, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General United States Department of Justice,[1] Respondent.**

No. 07–3872–ag.

United States Court of Appeals, Second Circuit.

June 5, 2008.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Ari Nazarov, Office Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Zhi Hua Li, a native and citizen of China, seeks review of an August 29, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Zhi Hua Li,* No. A72 054 560 (B.I.A. Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Ma-*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

*ghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Li's motion to reopen as untimely. It is undisputed that Li's May 2007 motion to reopen was untimely because it was filed more than seven years after the BIA's December 1999 decision dismissing his appeal from the IJ's original denial of relief. *See id.* § 1003.2(c)(2). Li argues, however, that he met an exception to the time limit by establishing changed country conditions.

We conclude that the BIA did not abuse its discretion in denying Li's motion to reopen because Li failed to establish changed country conditions in China or his *prima facie* eligibility for the relief he sought. *See id.* § 1003.2(c)(3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (noting that failure to establish *prima facie* eligibility for the underlying relief sought is an independent basis for the denial of a motion to reopen). The BIA properly found that the birth of Li's children did not suffice to show such changed circumstances in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006) (finding that the birth of children in the United States did not constitute changed circumstances in the petitioner's country of nationality). Moreover, as the BIA observed, Li's statement and the letters from relatives he submitted did not indicate how the implementation of China's family planning policy had changed since the time of his hearing or indicate that Chinese citizens with foreign-born children are subject to punishment amounting to persecution upon return to China.

Additionally, the BIA did not abuse its discretion in finding that the remainder of Li's evidence did not indicate that the implementation of China's family planning policy had worsened or that Chinese individuals with foreign-born children are subject to persecution. Contrary to Li's argument, the BIA reasonably found that the 2004 affidavit of John Aird did not warrant reopening. *See id.* at 274–76 (denying a petition for review of the denial of a motion to reopen based on the birth of children in the United States and holding that the Aird affidavit was of limited relevance because it was not prepared specifically for the petitioner and not particularized to the petitioner's circumstances); *see also Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110 (2d Cir.2006) (per curiam). Moreover, the Department of State's 2005 Profile of Asylum Claims and Country Conditions Li submitted indicates that in his home province, Guangdong, "[a]necdotal and empirical evidence suggests that self-employed individuals and rural residents can evade birth limitation regulations and authorities with relative ease" and that "U.S. diplomats in China are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return."

Li's reliance on our decision in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), is misplaced. First, Li misstates our holding in that case; while he claims that we found certain evidence in the record to be both credible and probative, we merely held that the BIA erred in ignoring evidence that appeared probative if it were authentic. *See id.* at 114–15. Second, the record in this case does not contain the documents discussed in *Shou Yung Guo.* As we held in *Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), re-

414

mand for agency consideration of documents not in the record is inappropriate in the absence of government consent because "agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Id.* at 269. Because the BIA did not abuse its discretion in finding that Li failed to establish changed country conditions or his *prima facie* eligibility for the relief he sought, the BIA did not err in denying Li's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2); *Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

Finally, we need not reach Li's argument that he has a statutory right to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D) based on changed circumstances as opposed to only changed country conditions. Even if Li is correct that he could file such an application, the BIA's finding that he failed to establish *prima facie* eligibility for asylum would render remand on that basis entirely futile. *See Wei Guang Wang,* 437 F.3d at 275–76.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).